COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-197-CR

 

 

OSWALD MISIGARO                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Oswald Misigaro
appeals his convictions for aggravated sexual assault of a child.  We affirm. 








Appellant entered an open
plea of guilty to two counts of aggravated sexual assault of a child and
elected to have a jury determine his punishment.  After hearing additional evidence and
argument, the jury sentenced appellant to forty years= imprisonment for count I and fifty years= imprisonment for count II.  The
trial court sentenced appellant in accordance with the jury=s verdict and ordered the sentences to be served concurrently. 

Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief. 
Appellant has filed a pro se brief in which he enumerates four potential
issues.








Once an appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the  the record.[3]  Only then may we grant counsel=s motion to withdraw.[4]  Because appellant entered an open plea of
guilty, our independent review for potential error is limited to potential
jurisdictional defects, voluntariness of the plea, error that is not
independent of and supports the judgment of guilt, and error occurring after
the guilty plea.[5]

We have carefully reviewed
counsel=s brief, appellant=s pro se brief, the reporter=s record and the clerk=s record.  We agree with counsel
that this appeal is wholly frivolous and without merit; we find nothing in the
record that might arguably support the appeal.[6]
 Accordingly, we grant counsel=s motion to withdraw and affirm the trial court=s judgment. 

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 14, 2008                                     

 

 

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]386
U.S. 738, 87 S. Ct. 1396 (1967).





[3]See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays
v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort
Worth 1995, no pet.).





[4]See
Penson v. Ohio, 488 U.S. 75, 82B83,
109 S. Ct. 346, 351 (1988).





[5]Monreal
v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666B67 (Tex. Crim. App. 2000).





[6]See
Bledsoe v. State, 178 S.W.3d 824, 827B28
(Tex. Crim. App. 2005); accord Meza v. State, 206 S.W.3d 684, 685 n.6
(Tex. Crim. App. 2006).